UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR CAUSEY,<br><br>        Petitioner,<br><br>   v.<br><br>ALAMEDA COUNTY SUPERIOR COURT,<br><br>        Respondent. | Case No. 22-cv-00265-YGR (PR)<br><br>**ORDER TO SHOW CAUSE** |

## I.    INTRODUCTION

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He was convicted in Alameda County, which is in this district, so venue is proper here.  28 U.S.C. § 2241(d).  He has filed a motion for leave to proceed *in forma pauperis*.  Dkt. 2.

## II.    DISCUSSION

### A.    Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Analysis**

Petitioner asserts that he has not appealed his conviction in state court.  Dkt. 1 at 2-3.

Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this Court.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed.  *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines*[1] stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

It appears that petitioner has presented a fully unexhausted petition.  If the claims are unexhausted, the petition must be dismissed without prejudice and may be re-filed once the claim has been exhausted.  However, petitioner will be provided an opportunity to demonstrate that the claims have been exhausted or file an amended petition raising the exhausted claims.

**III.    CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.     Petitioner's motion to proceed *in forma pauperis* is GRANTED.  Dkt. 2.

2.     Petitioner shall show cause within **twenty-eight (28) days** of the date this Order is filed why this petition should not be dismissed without prejudice as unexhausted.  **Failure to file a response within the designated time will result in the dismissal of this action.**

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).

3. This Order terminates Docket No. 2.

IT IS SO ORDERED.

Dated: February 15, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge